An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
NATAKI T. WALKER,
Respondent.

No. 61132

**FILED**

JUL 29 2014


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a midtrial motion to dismiss count three of the information. Eighth Judicial District Court, Clark County; Lee A. Gates, Judge.

In a case involving insurance fraud, respondent Nataki Walker was charged by information with, inter alia, injuring or tampering with her own vehicle under NRS 205.274. After the State rested its case, the district court granted a midtrial dismissal of the count. The district court agreed with Walker's argument that, under NRS 205.274, one cannot be liable for injuring or tampering with one's own car. However, no Nevada statute authorizes midtrial dismissals in criminal cases. *See State v. Combs*, 116 Nev. 1178, 1180, 14 P.3d 520, 521 (2000). The State appealed. The issue in this appeal is whether the erroneous midtrial dismissal must be treated as an acquittal that is final for the purpose of implicating the Double Jeopardy Clause of the United States Constitution.

The State argues that the Double Jeopardy Clause does not apply because the district court dismissed the count for procedural defects, not the substantive merits of the State's case. We disagree.

14-24708

The Supreme Court has stated that an acquittal based on "a 'misconstruction of the statute' defining the requirements to convict" is a substantive acquittal that precludes retrial. *Evans v. Michigan*, 568 U.S. ___, ___, 133 S.Ct. 1069, 1074 (2013) (quoting *Arizona v. Rumsey*, 467 U.S. 203, 211 (1984)). In this case, the district court's interpretation of NRS 205.274 required the State to prove that the vehicle was damaged without the consent of the owner. The district court dismissed the count because the State did not satisfy this requirement. Moreover, when arguing against the dismissal, the State asserted that the proper procedure would be to issue an advisory jury instruction to acquit, which would function as a substantive acquittal. This argument demonstrates that the State recognized that the district court was acquitting Walker for substantive reasons. Accordingly, we conclude that the district court dismissed the count on substantive grounds.

In *Combs*, we held that, under the Double Jeopardy Clause, even the erroneous granting of a midtrial motion to dismiss a count in a criminal case barred retrial for the same count. 116 Nev. at 1180-81, 14 P.3d at 520-21. This court "note[d] that respondent's motion to dismiss the charges at the close of the State's case-in-chief was not properly made, and should not have been granted by the district judge. Instead, respondent should have moved for an advisory instruction to acquit pursuant to NRS 175.381(1)." *Id.* at 1180, 14 P.3d at 521. Yet, "[d]espite the obvious error of the district court in granting respondent's motion to dismiss," we held that the Double Jeopardy Clause barred retrial. *Id.* at 1181, 14 P.3d at 521.

The State argues that we should overrule *Combs* because it has been undermined by recent United States Supreme Court precedent. We are not convinced that it has. Nevada has not provided for "the availability of reconsideration [of a midtrial dismissal of a count] by pre-existing rule or case authority," *Smith v. Massachusetts*, 543 U.S. 462, 473 (2005), which would provide a defendant with fair notice that any such acquittal is not final and subject to reconsideration. NRS 175.381(1) has not been amended since the *Combs* decision. And since *Combs*, neither the Legislature nor this court has created a rule providing for reconsideration in the case of a midtrial acquittal.

Thus, the application of *Combs* straightforwardly settles this appeal. The Double Jeopardy Clause bars retrial even for erroneous dismissals. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Chief Judge, the Eighth Judicial District Court
      Lee A. Gates, Senior Judge
      Attorney General/Carson City
      Attorney General/Las Vegas
      Clark County Public Defender
      Eighth District Court Clerk